UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09-CV-355-H

RICHARD M. GLASS                                                          PLAINTIFF

V.

LARRY J. STEINBERG, individually and in his capacity as                  DEFENDANT
TRUSTEE U/W OF SYLVIA GOLDSTEIN and in his capacity as
TRUSTEE OF SYLVIA GOLDSTEIN IRREVOCABLE TRUST

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Richard Glass, brought this action in Kentucky state court seeking the following remedies: (1) removal of Defendant, Larry Steinberg, as trustee over two trusts created by Plaintiff's aunt, Sylvia Goldstein; (2) an order compelling Defendant to account for all assets and expenses of the trusts; and (3) recovery of Plaintiff's expenses and costs incurred in bringing this litigation, including attorney fees. Defendant removed to federal court. Now Plaintiff has moved to remand on the grounds that his claims do not satisfy the amount in controversy requirement of diversity jurisdiction. Applied to the facts of this case, the amount in controversy is a complex question that appears to be one of first impression for both this Court and any other court in the Sixth Circuit. Defendant has also moved to join additional necessary parties.

**I.**

The underlying facts of this case are quite straightforward. In 2001, Sylvia Goldstein established two trusts, an irrevocable intervivos trust and a testamentary trust. Both trusts named Defendant as trustee and were intended to benefit Ms. Goldstein's nieces and nephews. Plaintiff, one of those nephews, is an income beneficiary; he is entitled to quarterly payments of the income from the trusts. Additionally, Plaintiff claims that under the irrevocable trust, the trustee

"is to make such distributions of principal and interest to Glass as the trustee deems appropriate under the circumstances."  (Compl. ¶ 12.)  Plaintiff alleges that Defendant breached numerous fiduciary duties, including charging unreasonable fees for services, failure to provide proper accountings, failure to make payments to Plaintiff, and improper investing of trust funds.  At the time of removal, the corpus of the trust was valued at over $150,000.00.

## II.

Subject-mater jurisdiction in this case is alleged on the basis of diversity of citizenship. There are two basic elements of diversity jurisdiction: (1) the parties are completely diverse, and (2) the amount in controversy exceeds $75,000.00.  Here, the parties agree that complete diversity exists.  Thus, the only question for the Court is the amount in controversy.  Where, as here, the defendant removes a case from state court to federal court, "[t]he burden is on [the defendant] to show by a preponderance of the evidence that the allegations in the complaint at the time of removal satisfy the amount in controversy requirement."  *Northup Properties, Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009).  "All doubts as to the propriety of removal are resolved in favor of remand."  *Smith v. Nationwide Property & Cas. Ins. Co.*, 505 F.3d 401, 405 (6th Cir. 2007).

When a plaintiff makes a claim for monetary damages, determining the amount in controversy is simple - how much is the plaintiff seeking?  On the other hand, where the plaintiff is seeking injunctive or declaratory relief, determining the amount in controversy can be more difficult.  In such cases, the Sixth Circuit has said that "[o]ne principle is well-settled: for actions seeking a declaratory [or injunctive] judgment, we measure the amount in controversy by 'the value of the object of the litigation.'" *Northup Properties*, 567 F.3d at 770 (quoting *Hunt v.*

*Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977)).  The circuits are split about

whether value should be measured from the perspective of the plaintiff, the defendant, or either.

*See Olden v. LaFarge Corp.*, 383 F.3d 495, 502 n.1 (6th Cir. 2004).  In the most recent opinion

on the matter, the Sixth Circuit noted that it "has yet to decide whether we view the amount in

controversy from the prospective of the plaintiff or the defendant."  *Northup Properties*, 567

F.3d at 770 n.1.  However, as noted in *LaFarge*, "many cases have been suggested to indicate

our adoption of, or preference for, one rule over the other."  *LaFarge*, 383 F.3d at 502 n.1.[1]

However, in *LaFarge*, the court was careful to note that in cases with language like *Smith*, it did

not consider the issue of perspective in determining the amount in controversy or express a

subtle preference one way or the other.  Despite the ambiguity in cases like *Northup Properties,*

the Court will follow the language of *Smith* and determine the amount in controversy from the

perspective of Plaintiff.[2]

      The Court has found only a few cases discussing this or similar issues, none of which

arose in the Sixth Circuit.  The majority of district courts to analyze the issue have determined

that where removal of a trustee is sought, the trust corpus over which that trustee exercises

control constitutes the amount in controversy.  *See Myers v. Burns*, No. 94 C 927, 1994 WL

233651, at *1 (N.D. Ill. May 25, 1994); *Renz v. Carota*, No. 87-CV-487, 1991 WL 165677, at *5

(N.D.N.Y. Aug. 26, 1991) ("Here, plaintiff asserts that the removal claims satisfy the

---

[1]  For example, in *Smith*, 505 F.3d at 407, the court stated, "It is generally agreed in this circuit, that the amount in controversy should be determined from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect."

[2]  If the amount in controversy were measured from Defendant's perspective, the result seems clear. Defendant currently controls the entirety of the trusts' corpus, valued at over $150,000.00.  Any injunction removing Defendant from his position as trustee would effect his control of that entire sum of money.  Therefore, from Defendant's perspective, "the value of the object of the litigation," *Northup Properties*, 567 F.3d at 770, easily exceeds $75,000.00.

jurisdictional amount because the relief requested is essentially the protection of the 1954 Trusts, which hold a substantial amount of voting and non-voting stock, the value of which is well in excess of $10,000. The court agrees."), *aff'd*, *Renz v. Beeman*, 963 F.2d 1521 (2d Cir. 1992); *Schonland v. Schonland*, No. Civ. 397cv558(AHN), 1997 WL 695517, at *1 (D. Conn. Oct. 23, 1997) ("Thus, the value of the interest the plaintiff seeks to protect - the trust - by the injunctive relief requested - removal of the trustee - exceeds the amount in controversy required for diversity jurisdiction."). Under this theory, the jurisdictional amount is certainly met. The object of the litigation is the trusts established by Ms. Goldstein and who controls them. The value of those trusts is well over $75,000.00.

The Third Circuit takes a different approach. That court found that "[t]he mere request for removal of a trustee does not place the entire trust corpus into controversy; instead plaintiffs must seek by way of an injunction protection from an activity which threatens in excess of [the jurisdictional amount] of the trust corpus." *In re Corestates Trust Fee Litigation*, 39 F.3d 61, 66 (3d Cir. 1994). In *Corestates*, the plaintiff sought removal of the trustee bank because of excessive sweep fees. The evidence was clear that those fees would not add up to more than the jurisdictional amount. Thus, the Third Circuit concluded that the amount in controversy requirement had not been met and the district court lacked jurisdiction. However, the court noted that "[the] plaintiffs do not seek protection from any alleged conduct on the part of [the trustee] which threatens the entire trust corpus." *Id.* It appears, therefore, that had the plaintiff alleged improper investments or similar activity threatening the trust corpus, then the trust corpus may have been the proper valuation of the amount in controversy. *See Urbano v. Board of Managers*, 415 F.2d 247, 249 n.8 (3d Cir. 1969) (abrogated on other grounds) ("Although we

4

do not decide the issue, there is support for the proposition that where a breach of fiduciary duty is alleged, the corpus of the trust is the amount in controversy.").

Regardless of which approach this Court adopts, the amount in controversy appears to be satisfied here.  Plaintiff asserts that Defendant has engaged in activity detrimental to the value of the trusts and has failed to locate and secure assets belonging to the trusts.  Thus, Plaintiff raises concerns about breaches of fiduciary duties that may threaten the entirety of the trust corpus.  Further, Plaintiff asserts that under the trust guidelines, the trustee has the power to distribute any amount of the trust corpus to Plaintiff as the trustee deems appropriate.  Therefore, from Plaintiff's perspective, a change in trustee could result in significant distributions to Plaintiff up to, and including, the entire value of the trust corpus.  Finally, the Court believes that the most reasonable analysis of a case involving the removal and replacement of a trustee is to view "the value of the object of the litigation," *Northup Properties*, 567 F.3d at 770, as the entire trust corpus because, as a practical matter, if this Court gives the relief sought by Plaintiff, a change in such power will result.

## III.

Defendant has also moved to join the residuary beneficiaries as necessary parties.  Clearly, the residuary beneficiaries have an interest in the result of this litigation; if the trustee is removed and changed, it will necessarily effect their interests.  Plaintiff has not objected to this request.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand is DENIED.

IT IS FURTHER ORDERED that Defendant's Motion to Join Additional Parties is

SUSTAINED.  Judy Ann Eichenbaum, Samuel E. Levinson, Jr., Gaye L. Harrison and Rita Steinberg are joined as party Defendants.

This is not a final and appealable order.

cc: Counsel of Record